UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James C. Maxey,<br><br>                   Plaintiff,<br><br>     v.<br><br>Robert M. Maxey; President Donald J. Trump; Secretary of State of California; Edmund Brown; Arnold Schwarzenegger; Governor of California Gavin Newsom; Attorney General Xavier Becerra; U.S. Attorney Benjamin Wagner; Judge Lawrence G. Brown; U.S. Attorney McGregor Scott; Kamala D. Harris; District Attorney Anne Marie Schubert; Sheriff Scott Jones; President George W. Bush; District Attorney Jan Scully; County of Sacramento; County of Placer; President Barack Obama; the United States; United Kingdom; and DOES 1 through 1,000,<br><br>                   Defendants. | Case No.  2:21-mc-0008 KJM<br><br>ORDER |

       Plaintiff's lodged complaint is subject to the pre-filing review provided in the order issued on August 10, 2015 in case number 2:15-cv-01656, ECF No. 7, in which plaintiff was declared a vexatious litigant.  In that order, Judge John A. Mendez describes that in less than two years, plaintiff James Maxey had filed 172 lawsuits in this court with the vast majority summarily dismissed due to Mr. Maxey's "implausible allegations that, inter alia, he has been subjected to

satellite microchip implant technology by various governmental actors." *Id*. at 1:20–25 (internal quotations omitted) (citing Local Rule 151(b)).[1] On February 4, 2016, former Chief Judge Morrison C. England, Jr. denied plaintiff leave to file his proposed complaint since it "does not appear that the litigation has any merit." As in plaintiff's previous complaints, the present case filed against defendants contains allegations that defendants "unlawfully conspired with others to inflict torture via remote neural monitoring and human trafficking with the intent to commit tax-payer theft, election fraud and domestic terrorism." *See generally* Lodged Compl. Plaintiff asserts defendants "conspired with Judicial Council of California and California State Bar Association to file lawsuits in [his] name." *Id*. Given the implausible nature of plaintiff's contentions, the court declines to permit leave to file the proposed complaint because it does not appear the litigation has any merit.

Accordingly, it is hereby ordered that:

1. Plaintiff's complaint shall not be filed;

2. The Clerk shall retain a copy of the complaint only, exclusive of any exhibits; and

3. The Clerk shall return the documents to plaintiff.

IT IS SO ORDERED.

DATED: January 19, 2021.

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Rule 151 (b) (Fed. R. Civ. P. 65.1) provides: **"**On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby."